UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MICHAEL MAGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| L3HARRIS TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

## <u>COMPLAINT AND JURY DEMAND</u>

### <u>PARTIES</u>

1.     The plaintiff, Michael Maguire ("Mr. Maguire" or "Plaintiff"), is a male resident of the State of Maine residing in York, Maine.

2.     Defendant L3Harris Technologies, Inc. (the "Company" or "Defendant") is a for-profit business incorporated in the Delaware.  The Company's principal office is located at 1-25 W. NASA Blvd, Melbourne, Florida.  At all relevant times, the Company operated a facility in Londonderry, New Hampshire.

### <u>JURISDICTION AND VENUE</u>

3.      This court has subject matter jurisdiction under 28 U.S.C. § 1331 because Mr. Maguire has brought claims pursuant to the to the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621 *et seq.* and the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 1201 et seq.  The court may exercise supplemental jurisdiction over Mr. Maguire's state law claims. 28 U.S.C. §1367.

4.      Venue is appropriate in the District of New Hampshire as the Defendant's acts and omissions giving rise to the claims in this Complaint occurred in the state of New Hampshire (and Federal Court District of New Hampshire).  Indeed, Mr. Maguire worked for the Defendant and was fired by the Defendant within New Hampshire.

5.      This court has jurisdiction over the Company because the Company purposefully availed itself of New Hampshire law by operating a business in New Hampshire (including by operating the location Mr. Maguire worked at in Londonderry, NH), transacting business in New Hampshire, and employing employees (including, during the times relevant to this Complaint, Mr. Maguire) in New Hampshire. Indeed, the Plaintiff was employed by the Company in the State of New Hampshire, was managed by the Company in the State of New Hampshire, and was terminated by the Company in the State of New Hampshire.  Indeed, the Company registered as a foreign corporation doing business in New Hampshire.

## STATEMENT OF FACTS

6.      Mr. Maguire was born in 1955 and is currently 69 years old.

7.      On or around June 13, 2022, Mr. Maguire was hired by the Company as a manufacturing operations supervisor in Londonderry, New Hampshire.

8.      At all relevant times, the Company employed 20 or more employees for 20 or more weeks during the preceding calendar year.

9.      Accordingly, at all relevant times, the Company was an employer under the Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act ("Title VII"), and RSA 354-A.

10.     At all relevant times, Mr. Maguire was a qualified employee, and his job performance was satisfactory.

11.    Prior to beginning his employment with the Company, Mr. Maguire was diagnosed with chronic neuropathy, plantar fasciitis, major depressive disorder ("MDD"), Type II diabetes ("diabetes"), and generalized anxiety disorder ("GAD"). Symptoms of his neuropathy, diabetes, and plantar fasciitis include numbness, pain, swelling of his legs and fatigue. Symptoms of Mr. Maguire's MDD and GAD include frequent episodes of prolonged sadness, insomnia, and weight gain.

12.    Mr. Maguire's chronic neuropathy (which caused pain and numbness in his legs and feet) is a physical impairment which substantially limits one or more of his major life activities including, but not limited to, walking, standing, sleeping, sitting down, and engaging in strenuous activity. Mr. Maguire's neuropathy is a physical impairment which substantially limits one or more of his major bodily functions, including, but not limited to, his circulatory and nervous symptom functions. Accordingly, Mr. Maguire is (and at all relevant times was) disabled under the ADA and RSA 354-A.

13.    Mr. Maguire's plantar fasciitis is an impairment which substantially limits one or more of his major life activities, including, but not limited to, walking, standing, sleeping, sitting down, and engaging in strenuous activity. Mr. Maguire's plantar fasciitis is a physical impairment which substantially limits one or more of his major bodily functions, including, but not limited to, his muscular skeletal functions. Accordingly, Mr. Maguire is (and at all relevant times was) disabled under the ADA and RSA 354-A.

14.    Mr. Maguire's diabetes is an impairment which substantially limits one or more of his major life activities, including, but not limited to, walking, standing, and eating. Mr. Maguire's diabetes is a physical impairment which substantially limits one or more of his major

bodily functions, including, but not limited to, his endocrine functions. Accordingly, Mr.

Maguire is (and at all relevant times was) disabled under the ADA and RSA 354-A

15.    Mr. Maguire's MDD is an impairment which substantially limits one or more of

his major life activities, including, but not limited to, sleeping, exercising, and socializing with

others. Mr. Maguire's MDD further substantially limits the operation of one or more major

bodily functions, including, but not limited to, brain, emotional, and neurological functions.

Accordingly, at all relevant times Mr. Maguire was (and still is) further disabled under federal

law and RSA 354-A.

16.    Mr. Maguire's GAD is an impairment which substantially limits one or more of

his major life activities, including, but not limited to, sleeping, exercising, and socializing with

others. Mr. Maguire's GAD further substantially limits the operation of one or more of his major

bodily functions, including, but not limited to, his brain, emotional, and neurological functions.

Accordingly, at all relevant times Mr. Maguire was (and still is) further disabled under federal

law and RSA 354-A.

17.    Importantly, Mr. Maguire did not disclose his specific disabilities or diagnoses

prior to his employment with the Company.

18.    When Mr. Maguire was hired, his supervisor was Dennis Aloise-Graf ("Aloise-

Graf"), a production manager.

19.    Aloise-Graf is a non-disabled individual who is around 30 years younger than Mr.

Maguire.

20.    In or around March 2023, Mr. Maguire received a positive performance review.

21.    Indeed, due to his satisfactory performance, Mr. Maguire received a merit-based

raise in pay.

22.     Additionally, Aloise-Graf routinely praised Mr. Maguire's performance.

23.     In or around May 2023, Mr. Maguire experienced a flare up of his neuropathy, diabetes, and plantar fasciitis, causing excessive fluid to build up in his knees, resulting in swelling of his legs.

24.     Mr. Maguire communicated with Aloise-Graf and John Alloca ("Alloca"), an operations supervisor, and disclosed his neuropathy and plantar fasciitis. Mr. Maguire approached Alloca and requested the reasonable disability-related accommodation of leaving early for the day due to his disability-related flare up and to care for his excessive leg swelling.

25.     Mr. Maguire's utilized this accommodation.

26.     As the accumulation of fluid in Mr. Maguire's knees progressively worsened over the next several weeks, he let Aloise-Graf know of his painful symptoms, and he requested from him the reasonable disability-related accommodation of allowing him (Mr. Maguire) to occasionally sit at his desk during slow periods or at times when standing was not required.

27.     Aloise-Graf purportedly approved Mr. Maguire's request, and he utilized this accommodation sparingly.

28.     In or around July 2023, Mr. Maguire had a conversation with John Alloca ("Alloca"), an operations supervisor, in which he relayed his difficulties while in such excruciating pain. Mr. Maguire also showed Alloca his swollen legs.

29.     During this conversation, Alloca made a comment about retirement.

30.     In response, Mr. Maguire conveyed that, despite his age, he did not plan on retiring anytime soon.

31.     In or around July 2023, Mr. Maguire's shift supervisor became David Hartford ("Hartford"), a senior manufacturing operations supervisor. At this time, Aloise-Graf continued to be Mr. Maguire's higher-up manager (the manager of his supervisor).

32.     Hartford is a non-disabled individual who is around 30 years younger than Mr. Maguire.

33.     In or around July 2023, Mr. Maguire experienced a flare up of his MDD and GAD, resulting in symptoms of a racing heart and overwhelming panic.

34.     Because Mr. Maguire realized he was having a disability-related panic attack, he went into a break room for a few minutes to calm down, reduce his heart rate, and collect his thoughts.

35.     Mr. Maguire soon returned to his duties and disclosed to Alloca that he had just experienced a panic attack and its related symptoms, which were clearly related to a flare up of his MDD and GAD diagnosis.

36.     In or around September 2023, Sonny Patel ("Patel"), was hired by the Company as a manufacturing operations supervisor.

37.     Patel is a non-disabled individual who is about 30 years younger than Mr. Maguire.

38.     In or around October 2023, as the severity of Mr. Maguire's neuropathy and plantar fasciitis worsened, he periodically lost his balance and would occasionally trip onto the floor, often in front of his other coworkers.

39.     Ultimately, Mr. Maguire developed a severe limp due to the numbness in his legs and the swelling of his feet.

40.     These disability-related complications (loss of balance, tripping, and the progressively worsening limp) were visible and quite obvious.

41.     In or around November 2023, Mr. Maguire's mobility worsened noticeably, and he began to trip and nearly fall much more frequently in front of his coworkers.

42.     Although Mr. Maguire was determined and able to work through his mobility issues, his coworkers seemed concerned upon witnessing his mobility issues.

43.     Accordingly, Mr. Maguire started to again utilize his previously approved accommodation to sit during slow periods.

44.     On or around November 9, 2023, following a supervisory meeting involving Aloise-Graf, Hartford, Alloca, and Patel, Aloise-Graf requested that Mr. Maguire remain for further discussion. Kim Holmes ("Holmes"), a human resource business partner, unexpectedly entered the office.

45.     Holmes is a non-disabled individual who is about 30 years younger than Mr. Maguire.

46.     During this meeting, Holmes claimed that Mr. Maguire's position was being eliminated.

47.     Upon Mr. Maguire's request, Holmes refused to elaborate the Company's rationale, and simply claimed that his termination was due to financial reasons.

48.     As such, Mr. Maguire was involuntarily terminated on or around November 9, 2023.

49.     Patel (a younger, non-disabled individual) was recently hired into the same position Mr. Maguire held (indeed, hired less than two months prior).

50.     As such, although Mr. Maguire held greater seniority, tenure, and experience compared to Patel, he was ultimately chosen for termination, while Patel retained his position. Indeed, upon information and belief, Mr. Maguire's position had not been eliminated, and in fact Patel had been hired to replace Mr. Maguire.

51.     Notably, at no time did Mr. Maguire receive performance coaching, performance discipline, or a performance improvement plan ("PIP"), and the Company did not indicate that Mr. Maguire's performance was a problem. Indeed, Mr. Maguire received praise from his managers multiple times on how well his department was being run.

52.     In March 2024, Mr. Maguire timely filed a charge of discrimination with the New Hampshire Commission for Human Rights ("NHCHR") which was cross filed with the United States Equal Employment Opportunity Commission.

53.     On March 28, 2025, notified the NHCHR of his intent to pursue this matter in Federal Court.

54.     On April 8, 2025, the EEOC issued Mr. Maguire a Right to Sue letter.

## COUNT I

### (Disability Discrimination in Violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.)

### Plaintiff v. Defendant

55.     The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

56.     The Plaintiff suffers from one or more impairments, including neuropathy, plantar fasciitis, diabetes, major depressive disorder ("MDD"), and generalized anxiety disorder ("GAD") that substantially limit one or more of his major life activities, including but not limited

to, walking, standing, sleeping, sitting down, engaging in strenuous activity, exercising and socializing. Additionally, these conditions (both individually and collectively) substantially limit one or more of his major bodily functions, including, but not limited to, his circulatory, nervous system, neurological, brain, and emotional functions. As such, Mr. Maguire is disabled under the Americans with Disability Act ("ADA").

57.     At all relevant times, the Company was an employer as defined by federal anti-discrimination laws, including the ADA, employing 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

58.     At all relevant times, Mr. Maguire was a qualified individual and was capable of performing the essential functions of his job with or without one or more reasonable accommodations.

59.     Mr. Maguire disclosed his disabilities to Defendant, Defendant as aware of Mr. Maguire's disabilities, and/or Defendant regarded Mr. Maguire as disabled.

60.     Mr. Maguire requested disability-related reasonable accommodations that would have assisted him in performing the essential functions of his job. These requested reasonable accommodations included, but were not limited to, leaving early and the ability to sit.

61.     Mr. Maguire's requested disability-related accommodations did not pose an undue burden on Defendant.

62.     The Company, by and through their agents, discriminated against Mr. Maguire due to his disabilities by subjecting Mr. Maguire to adverse actions, including, but not limited to, by subjecting Mr. Maguire to a harassing and otherwise hostile work environment and/or terminating Mr. Maguire's employment.

63.     Mr. Maguire was replaced by a less qualified or similarly qualified non-disabled (or less or differently disabled) individual.

64.     The Company acted with malice and/or with reckless indifference to the federally protected rights of Mr. Maguire.

65.     As a direct and proximate result of the Company's violation of the ADA, Mr. Maguire has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

66.     The Plaintiff seeks all damages to which he is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages (including, but not limited to, future pecuniary losses and other nonpecuniary losses), punitive damages, attorneys' fees, interest, and costs.

**COUNT II**

**(Disability Discrimination under RSA 354-A)**

**Plaintiff v. Defendant**

67.     Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

68.     The Plaintiff suffers from one or more impairments, including neuropathy, plantar fasciitis, diabetes, major depressive disorder ("MDD"), and generalized anxiety disorder ("GAD") that substantially limits one or more of his major life activities, including but not limited to, walking, standing, sleeping sitting down, engaging in strenuous activity, exercising and socializing.  Additionally, these conditions (both individually and collectively) substantially

limit one or more of his major bodily functions, including, but not limited to, his circulatory, neurological, and emotional functions. As such, Mr. Maguire is disabled under RSA 354-A.

69.     At all relevant times, Mr. Maguire was a qualified individual with a disability and was capable of performing the essential functions of his job with or without one or more reasonable accommodations.

70.     Mr. Maguire disclosed his disabilities to Defendant, Defendant was aware of Mr. Maguire's disabilities, and/or Defendant regarded Mr. Maguire as disabled.

71.     Mr. Maguire requested disability-related reasonable accommodations that would have assisted him in performing the essential functions of his job. These requested reasonable accommodations included, but were not limited to, leaving early and the ability to sit.

72.     Mr. Maguire's requested disability-related accommodations did not pose an undue burden on Defendant.

73.     The Defendant, by and through their agents, discriminated against Mr. Maguire due to his disabilities by subjecting Mr. Maguire to adverse actions, including, but not limited to, by subjecting Mr. Maguire to a harassing and otherwise hostile work environment and/or terminating Mr. Maguire's employment.

74.     Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Mr. Maguire's rights.

75.     As a direct and proximate result of Defendant's violation of the RSA 354-A, Mr. Maguire has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

76.     The Plaintiff seeks all damages to which he is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, compensatory damages (including, but not limited to, future pecuniary losses and other nonpecuniary losses), punitive damages, attorneys' fees, interest, and costs

77.     Mr. Maguire seeks all damages to which he is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

## COUNT III

### (Age Discrimination in Violation of the Age Discrimination in Employment Act)
### Plaintiff v. Defendant

78.     The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

79.     During all relevant times, the Company was an employer under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. (hereinafter, "ADEA") because the Company employed 20 or more individuals for 20 or more calendar weeks during the relevant calendar years.

80.     The Plaintiff is (and at all relevant times was) over 40.

81.     The Company, by and through its agents, harassed and discriminated against Mr. Maguire with respect to his compensation, terms, conditions, and/or privileges of employment, because of Mr. Maguire's age and/or because Mr. Maguire was an older disabled individual ("age plus" discrimination).

82.    More specifically, the Company subjected Mr. Maguire to adverse actions because of his age, including, but not limited to, a harassing and otherwise hostile work environment and/or terminating Mr. Maguire's employment.

83.    Mr. Maguire was replaced by a much younger individual (someone in their late 30's or early 40's) who was similarly or less qualified than Mr. Maguire.

84.    The Company acted with willful and/or knowingly indifference to the federally protected rights of Mr. Maguire.

85.    As a direct and proximate result of the Company's violations of the ADEA, Mr. Maguire has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, interest on lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

86.    Mr. Maguire seeks all damages to which he is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), other monetary damages, compensatory damages (including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses), liquidated (i.e. double) damages, interest, attorneys' fees, and costs.

**COUNT IV**

**(Age Discrimination in Violation of RSA 354-A)**

**Plaintiff v. Defendant**

87.    Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

88.    The Plaintiff is (and at all relevant times was) over 40 years old in terms of his age.

89.     The Defendant, by and through their agents, harassed and discriminated against Mr. Maguire with respect to his compensation, terms, conditions, and/or privileges of employment, because of Mr. Maguire's age and/or because Mr. Maguire was an older disabled individual ("age plus" discrimination).

90.     The Defendant, by and through their agents, discriminated against Mr. Maguire due to his age by subjecting Mr. Maguire to adverse actions, including, but not limited to, by subjecting Mr. Maguire to a harassing and otherwise hostile work environment and/or terminating Mr. Maguire's employment.

91.     Mr. Maguire was replaced by a much younger individual (someone in their late 30's or early 40's) who was similarly or less qualified than Mr. Maguire.

92.     Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Mr. Maguire's rights.

93.     As a direct and proximate result of Defendant's violation of the RSA 354-A, Mr. Maguire has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

94.     Mr. Maguire seeks all damages to which he is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

**COUNT V**

**(Retaliation in Violation of the Americans with Disabilities Act, 42 U.S.C. §§12101, et seq.)**

**Plaintiff v. Defendant**

95.     The Plaintiff incorporates all paragraphs above and below as if set forth fully herein.

96.     Mr. Maguire engaged in protected activity under the ADA, including, but not limited to, (i) by requesting and/or utilizing disability-related accommodations; (ii) by raising protected concerns related to disability-related harassment and discrimination.

97.     The Company discriminated against and/or retaliated against Mr. Maguire for engaging in activities protected under the ADA, including but not limited to, subjecting Mr. Maguire to adverse actions, including, but not limited to, by subjecting Mr. Maguire to a harassing and otherwise hostile work environment and/or terminating Mr. Maguire's employment.

98.     The Company unlawfully coerced, intimidated, threatened, and/or interfered with Mr. Maguire's exercising of, or enjoyment of, one or more rights granted by the ADA.

99.     The Company acted with malice and/or with reckless indifference to the federally protected rights of Mr. Maguire.

100.     As a direct and proximate result of the Company violation of the ADA, Mr. Maguire has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, other monetary harms, pain and suffering, loss of enjoyment of life, and emotional damages.

101.     The Plaintiff seeks all damages to which he is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay),

diminished earning capacity, injury to reputation, other monetary damages, compensatory

damages (including, but not limited to, future pecuniary losses and other nonpecuniary losses),

punitive damages, attorneys' fees, interest, and costs.

## COUNT VI

**(Retaliation in Violation of the Age Discrimination in Employment Act)**

**Plaintiff v. Defendant**

102.    The Plaintiff incorporates all paragraphs above and below as if set forth fully

herein.

103.    Mr. Maguire engaged in protected activity under the ADEA, including, but not

limited to: (i) opposing, expressing protected concerns, and/or engaging in other protected

activity regarding a hostile work environment based on age and/or (ii) opposing, expressing

protected concerns, and/or engaging in other protected activity related to the harassing and

discriminatory actions taken by the Defendant due to Mr. Maguire's age.

104.    The Company retaliated against Mr. Maguire for opposing, voicing protected

concerns, and/or engaging in other protected activity related to one or more practices made

unlawful by the ADEA by subjecting Mr. Maguire to a harassing and otherwise hostile work

environment and/or terminating Mr. Maguire's employment.

105.    The Company unlawfully coerced, intimidated, threatened, and/or interfered with

Maguire's exercising of, or enjoyment of, one or more rights granted by the ADEA.

106.    The Company willfully retaliated against Mr. Maguire.

107.    As a direct and proximate result of the Company's violations of the ADEA, Mr.

Maguire has suffered and continues to suffer damages, including, but not limited to, lost

compensation and benefits, interest on lost compensation and benefits, loss of earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

108.    The Plaintiff seeks all damages to which he is entitled, including, but not limited to, lost compensation and benefits (including, but not limited to, back pay and front pay), compensatory damages, diminished earning capacity, injury to reputation, other monetary damages, liquidated damages, attorneys' fees, interest, and costs.

## COUNT VII

### (Retaliation for Engaging in Protected Activity in Violation of RSA 354-A)

### Plaintiff v. Defendant

109.    Plaintiff repeats and re-alleges all paragraphs above and below, as fully set forth in this Complaint.

110.    Mr. Maguire engaged in protected activity under RSA 354-A, including, but not limited to, (i) by requesting and/or utilizing disability-related accommodations and/or (ii) by raising protected concerns related to disability and age-related harassment and discrimination.

111.    Defendant discriminated against and/or retaliated against Mr. Maguire for engaging in activities protected under RSA 354-A, including but not limited to, by subjecting Mr. Maguire to adverse actions, including, but not limited to, subjecting Mr. Maguire to a harassing and otherwise hostile work environment and/or terminating Mr. Maguire's employment.

112.    Defendant unlawfully coerced, intimidated, threatened, and/or interfered with Mr. Maguire's exercising of, or enjoyment of, one or more rights granted by RSA 354-A.

113.    Defendant's actions were outrageous, egregious, and/or undertaken with reckless indifference to Mr. Maguire's rights.

114.    As a direct and proximate result of Defendant's violation of the RSA 354-A, Mr. Maguire has suffered and continues to suffer damages, including, but not limited to, lost compensation and benefits, reduced earning capacity, pain and suffering, loss of enjoyment of life, and emotional damages.

115.     Mr. Maguire seeks all damages to which he is entitled, including, but not limited to lost compensation and benefits (including, but not limited to, back pay and front pay), diminished earning capacity, injury to reputation, other monetary damages, emotional distress damages, compensatory damages (including, but not limited to, emotional distress damages), enhanced compensatory damages, interest, attorney's fees, and costs.

WHEREFORE, the plaintiff, Michael Maguire, respectfully prays that this honorable court:

A.  Schedule this matter for trial by jury;

B.  Find the Defendant liable on all counts;

C.  Award the Plaintiff his lost compensation and benefits (including, but not limited to, back pay and front pay);

D.  Award the Plaintiff other monetary damages, including damages for his diminished earning capacity and injury to reputation;

E.  Award the Plaintiff damages for his emotional pain, mental anguish, loss of enjoyment of life, suffering, and other emotional distress damages;

F.  Award the Plaintiff compensatory damages, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

G.  Award the Plaintiff enhanced compensatory damages;

H.  Award the Plaintiff punitive damages;

I.  Awad the Plaintiff liquidated (i.e. double) damages;

J.  Reinstate Plaintiff to his position with restoration of all rights, benefits, seniority, and compensation;

K.  Award the Plaintiff his reasonable attorney's fees;

L.  Award the Plaintiff interest and costs;

M.  Award the Plaintiff all other damages to which he is entitled; and

N.  Grant such further relief as is just and equitable.

Respectfully Submitted,
MICHAEL MAGUIRE

By his attorneys,

THE LAW OFFICES OF WYATT & ASSOCIATES P.L.L.C.

Date:   April 10, 2025           By:   _/s/Timothy J. Brock_____

Benjamin J. Wyatt, NH BAR # 20530
BWyatt@Wyattlegalservices.com

Timothy J. Brock NH BAR #268403
TBrock@Wyattlegalservices.com

The Law Offices of Wyatt & Associates, P.L.L.C.
17 Elm Street, Suite C211
Keene, NH 03431
Telephone: (603) 357-1111
Facsimile: (603) 685-2868